UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
APR 20 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JOSE JESUS MORA, #81024-020,

    Petitioner,

v.

Case No. 2:09cv588

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court RECOMMENDS that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

The petition currently before the Court comes about as a result of competing claims of custody between state and federal authorities arising from convictions in 2007. To fully comprehend the issues in ths case, it is necessary to explain the relevant events that took place in 2007.

On February 27, 2007, Petitioner, Jose Jesus Mora ("Mora"), was convicted in the Juvenile and Domestic Relations District Court of the City of Virginia Beach, of sexual battery, as a result of which he was sentenced to six (6) months in jail with forty-five (45) days suspended. Disposition Notice, Commonwealth v. Mora, No. JA11026-01-00 (Va. Juv. & Dom. Rel. Ct. Feb. 27, 2007). On the same day, Mora filed a Notice of Appeal to appeal his conviction to the Circuit Court of the City of Virginia Beach. Notice of Appeal, Commonwealth v. Mora, No. 810JA1110260100 (Va. Dist. Ct. Feb. 27, 2007). On March 15, 2007, Mora was released pending appeal on a $10,000.00 secured bond. Recognizance, Commonwealth v. Mora, No. 810JA1110260100 (Va. Cir. Ct. Mar. 15, 2007).

On March 19, 2007, Mora was arrested by federal authorities on a Criminal Complaint charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). See Criminal Complaint, United States v. Mora, No. 2:07cr62 (E.D. Va. Feb. 26, 2007). On April 5, 2007, a Grand Jury sitting in the Eastern District of Virginia, Norfolk Division, returned an indictment charging Mora with three (3) counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one (1) count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). See Indictment, United States v. Mora, No. 2:07cr62 (E.D. Va. Apr. 5, 2007). Mora pleaded not guilty to the charges pending against him, and exercised his right

to a jury trial, which was held on June 19, 2007 and June 20, 2007. On June 20, 2007, the jury returned a verdict of guilty on all counts.

In August 2007, Mora was transferred from the Western Tidewater Regional Jail, where he was in federal custody awaiting sentencing on his federal conviction, to the custody of the Sheriff of the City of Virginia Beach to appear in the Circuit Court of the City of Virginia Beach for appeal of his sexual battery conviction. See Custodial Transportation Order, Commonwealth v. Mora, No. CR07-001123 (Va. Cir. Ct. July 31, 2007). On August 2, 2007, Mora entered an Alford plea of guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to an amended charge of one (1) count of simple assault, which was accepted by the Circuit Court of the City of Virginia Beach. On August 3, 2007, Mora was sentenced to a total of twelve (12) months in jail with six (6) months suspended, and fined $110.00. Order in Misdemeanor or Traffic Infraction Proceeding, Commonwealth v. Mora, No. 810CR07001123-00 (Va. Cir. Ct. Aug. 3, 2007). Mora did not appeal his conviction or sentence.

It appears that Mora was then returned to federal custody for the sentencing proceedings on his federal convictions. On September 21, 2007, Mora was sentenced to serve a total of eighty-four (84) months in the United States Bureau of Prisons for his

federal convictions.[1] See Judgment in a Criminal Case, <u>United States v. Mora</u>, No. 2:07cr62 (E.D. Va. Sept. 25, 2007). It appears that Mora has been serving his federal sentence in the custody of the United States Bureau of Prisons since September 2007.

On April 6, 2009, the Sheriff of the City of Virginia Beach lodged a detainer against Mora to serve the six (6) month sentence arising from his August 2, 2007 state conviction for simple assault. This detainer is the subject of Mora's habeas petition in this Court.

On August 18, 2009, while in the custody of the United States Bureau of Prisons at FCC Coleman-Medium, Mora executed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mora filed his petition, accompanied by a request to proceed <u>in forma pauperis</u>, in the United States District Court for the Middle District of Florida, which is the district of his confinement. On November 24, 2009, the case was transferred to the Eastern District of Virginia, which is the district of his conviction. On December 10, 2009, this Court entered an order granting the motion to proceed

---

[1] Mora's total term of imprisonment consisted of the following sentences:
(1) Forty-one (41) months on count 1, charging Mora with possession of a firearm by a convicted felon;
(2) Forty-three (43) months on count 2, charging Mora with possession of a firearm by a convicted felon, to run consecutively with the sentence imposed on count 1; and
(3) Forty-one (41) months on counts 3 and 4, charging Mora with possession of a firearm by a convicted felon and possession of a stolen firearm, respectively, to run concurrently with the sentence imposed on count 1.

4

in forma pauperis and directing Mora to file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] Mora filed his § 2241 petition on December 21, 2009. On February 24, 2010, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting brief, and a Roseboro Notice pursuant to Local Rule 7(K). Mora filed his response to Respondent's Motion to Dismiss on March 12, 2010.

### B. Grounds Alleged

Mora seeks relief from the detainer lodged against him by the Virginia Beach Sheriff's Office to serve a six (6) month sentence arising out of his conviction on August 2, 2007, in the Circuit Court for the City of Virginia Beach, Virginia. Mora is not challenging his conviction, but rather the calculation of his state sentence. Mora alleges that when he accepted the Alford guilty plea, his understanding was that he would be sentenced to time served.

---

[2] The Court's December 10, 2009 order stated as follows: Petitioner cannot file this action under 28 U.S.C. § 2254 because he is not currently in state custody. See 28 U.S.C. § 2254 ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* . . . ." (emphasis added)). Rather, Petitioner is currently in federal custody in Florida serving a federal sentence. A federal prisoner seeking relief from a detainer lodged by a state other than the one of confinement can only proceed under the general habeas corpus provision in 28 U.S.C. § 2241. See Grant v. Hogan, 505 F.2d 1220, 1223 (3d Cir. 1974).

5

In his prayer for relief, Mora asks that he be given credit for time served and the detainer be dropped. In the alternative, Mora requests that either (1) he be transferred to state custody to serve his remaining state sentence and then returned to federal custody or (2) his state sentence be added to his federal sentence and he be allowed to serve both in federal custody.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of Mora's habeas petition, all of his claims must be exhausted.³ The exhaustion requirement is satisfied when the "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). To be considered exhausted, the claim must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal

---

³ Unlike petitions filed pursuant to 28 U.S.C. § 2254, there is no statutory requirement that claims raised in petitions filed pursuant to 28 U.S.C. § 2241 must first be exhausted in the state courts. However, an exhaustion requirement has been imposed by judicial decision. See Braden v. 30th Judicial Cir. Ct. Ky., 410 U.S. 484, 489-91 (1973); Knox v. Wyoming, 959 F.2d 866, 868 (10th Cir. 1992).

6

principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted), cert. denied, 522 U.S. 833 (1997).

On August 25, 2009, Mora filed a Motion in the Circuit Court of the City of Virginia Beach asking the court to correct the computation of his state sentence and "direct the Virginia Beach Sheriff's office to drop it's [sic] detainer against the defendant." Motion, Commonwealth v. Mora, No. 810CR07001123-00 (Va. Cir. Ct. Aug. 25, 2009). On October 5, 2009, the circuit court received a letter from Mora inquiring about the status of his Motion. A handwritten note to Mora from the clerk informed Mora that "Virginia Beach Circuit Court does not compute time. You need to contact D.O.C. [Department of Corrections]." Mora argues that he tried to exhaust his state remedies, but his motions went unanswered, forcing him to resort to the instant federal habeas corpus petition.

There is no indication that the usual state court remedies are truly unavailable in this case. Although his motion with the circuit court may have gone unanswered, there is no indication that Mora pursued the matter through the Virginia Department of Corrections, as suggested by the circuit court clerk's note. Furthermore, a prisoner can challenge both the computation of his state sentence and the validity of a detainer lodged against him by means of a petition for a writ of habeas corpus in the state court. See Smyth v. Gay, 91 S.E.2d 425 (Va. 1956) (considering a habeas

corpus petition seeking petitioner's release because he was allegedly detained longer than the maximum punishment permissible); Spiak v. Seay, 40 S.E.2d 250, 253 (Va. 1946) ("The legality of extradition proceedings is always open to inquiry upon an *habeas corpus* application."). Because Mora did not present any of his claims to the Supreme Court of Virginia by way of habeas corpus or other post-conviction proceeding, this Court FINDS that Mora failed to exhaust the instant claims.

### B. Claims are Not Cognizable in Federal Habeas Petition

The Court notes that even if Mora did exhaust his state remedies, his petition does not state a claim that is cognizable in a petition for federal habeas corpus relief. A petitioner may challenge his conviction, his sentence, or the execution of his sentence by means of a petition for a writ of habeas corpus, but "the petition must allege . . . [a] violation of the Constitution or federal law." United States v. Hinson, 21 F.3d 1122, 1994 WL 142469, at *1 (10th Cir. Apr. 20, 1994) (unpublished table decision).

#### 1. Calculation of State Sentence

Mora initially requests that he "be given the proper credit for time served . . . and that this detainer be dropped." (Petition 6.) The length of a prisoner's state sentence, or the computation of that sentence, are generally "questions of state law, which are not proper grounds for federal habeas corpus relief under Section 2241."

Verstynen v. Kline, No. 05-3291-SAC, 2006 WL 83096, at *4 (D. Kan. Jan. 12, 2006); see also Kipen v. Renico, 65 F. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of [petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."); Willeford v. Estelle, 538 F.2d 1194, 1196 (5th Cir. 1976) ("The length of the sentence of a convicted criminal under state law is, without more, not a matter of federal constitutional concern and hence not a matter cognizable under federal habeas corpus."). Furthermore, "[s]entence computation is a matter particularly within the expertise of prison authorities, and to obtain judicial review the habeas petitioner must show that the agency's actions have been arbitrary and capricious to the extent that his federal constitutional rights have been violated." Verstynen, 2006 WL 83096, at *4. Mora has not made the requisite showing regarding the calculation of his state sentence. Therefore, the Court FINDS that this claim is not cognizable under the federal habeas corpus statute.

### 2. Immediate Transfer to State Custody

In the alternative, Mora requests (1) that he be transferred to Virginia Beach to serve his state sentence and then returned to federal custody, or (2) that his state sentence be added to his federal sentence and he be allowed to serve both in federal custody. Mora's prayer for relief does not state a constitutional claim for which relief may be granted in a writ for habeas corpus because a

prisoner has no constitutional right to be detained in a particular facility. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Levi v. Ebbert, No. 1:CV-09-0193, 2009 WL 2169171, at *6 (M.D. Pa. July 20, 2009) ("Denial of transferring Petitioner from one institution to another does not amount to a constitutional violation, since Petitioner has no right to be incarcerated in any specific prison.").

Mora explains that his request to be transferred to state custody and then returned to federal custody, or to remain in federal custody for the term of the state sentence, stems from his desire to take part in certain programs offered to federal inmates. Specifically, Mora alleges that if he is transferred to Virginia Beach to serve his state sentence upon completion of his federal sentence, he "will not get a chance to participate in the Federal Second Chance Act or be given a chance to take advantage of a half way house program." (Pet'r's Resp. M. Dismiss 2.) While the Court recognizes the legitimacy of Mora's concern, a prisoner "does not have a constitutionally protected interest in his transfer to the half-way house." Lowe v. Huffstutler, 902 F.2d 1569, 1990 WL 66822, at *2 (6th Cir. 1990) (unpublished table decision). Similarly, the Second Chance Act, 18 U.S.C. § 3624(c), gives the Bureau of Prisons the discretion to place an inmate in a Residential Re-Entry Center (RRC) for up to twelve (12) months after considering the factors enumerated in 18 U.S.C. § 3621(b). See Lovett v. Hogsten, 2009 WL

5851205, at *1-2 (6th Cir. Dec. 29, 2009). However, "the Second Chance Act does not guarantee a one-year RRC placement," id. at *2, and does not give a prisoner a "constitutional right to serve the final twelve months of his sentence in a RRC," id. at *1.

Although the Court appreciates Mora's dilemma, there is nothing that the Court can do by way of a writ of habeas corpus to provide him with the relief requested. Accordingly, the Court FINDS that Mora's claims are not cognizable in a federal petition for a writ of habeas corpus.

### III. RECOMMENDATION

For the foregoing reasons, the Court FINDS that Mora's claims are not exhausted and that he does not state a constitutional claim for which relief may be granted. "When a federal court finds a federal habeas petition has unexhausted claims, it will ordinarily dismiss that petition without prejudice to allow for further state court review." Beck v. Angelone, 173 F. Supp. 2d 461, 473 (E.D. Va. 2000). However, as discussed above, the Court FINDS that Mora's claims are not only unexhausted, but are not cognizable in a federal habeas petition. Accordingly, the Court RECOMMENDS that Mora's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Mora's claims be DISMISSED WITH PREJUDICE.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 53-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 20, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jose Jesus Mora, #81024-020
FCC Coleman Medium
P.O. Box 1032
Coleman, Florida 33521-1032
*Pro Se*

John Michael Parsons
Office of the Attorney General
900 E Main St
Richmond, Virginia 23219
*Counsel for Respondent*

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

April 20, 2010